**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | PRISONER CIVIL RIGHTS |
| GDC No. 901373, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-3053-RWS-ECS |
| NEIL WARREN, | : | |
|     Defendant. | : | |

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on state inmate Waseem Daker's civil rights complaint under 28 U.S.C. § 1983, request for permission to proceed in forma pauperis ("IFP"), and "Motion to Amend Complaint as a Matter of Course." See [Doc. Nos. 1, 2, 3].

Daker's Motion to Amend Complaint as a Matter of Course is **GRANTED**.

Daker previously served a lengthy state sentence for aggravated stalking, and he is now serving a life sentence for malice murder and related crimes. While incarcerated, Daker has filed more than fifty cases and appeals in federal court. See www.pacer.gov (searched for "Daker, Waseem"; last viewed December 23, 2013). In the course of his prior litigation, Daker has accumulated more than "three strikes,"[1] and he is no longer

---

[1] Any "action or appeal brought in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" counts as a 'strike.' 28 U.S.C. § 1915(g) (emphasis

eligible to proceed IFP in this or any future case absent an adequate allegation that he is "under imminent danger of serious physical harm." 28 U.S.C. § 1915(g). Daker's complaint in this case, even as amended, contains no such allegation, as it is focused on the alleged denial of access to the courts.

The United States Court of Appeals for the Eleventh Circuit has instructed district courts that when a prisoner is subject to the "three strikes" provision of § 1915(g), "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied

---

added). "A dismissal for failure to prosecute made in light of a frivolous [prior pleading] . . . is a strike for purposes of § 1915(g)." Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008). Daker's strikes include, without limitation: (1) In re Daker, No. 11-11937-C (11th Cir. June 3, 2011) (petition for mandamus dismissed as "frivolous"); (2) In re Daker, No. 12-12072-F (11th Cir. Aug 6, 2012) (dismissed for "want of prosecution" following May 31, 2012 finding that case was "frivolous"); (3) In re Daker, No. 12-12073-C (11th Cir. July 12, 2012) (dismissed for "want of prosecution" after June 7, 2012 determination case was "frivolous"); (4) Georgia v. Daker, No. 12-12519-C (11th Cir. Nov. 5, 2012) (dismissed for "want of prosecution" following Oct. 9 2012 finding that appeal was "frivolous"); and (5) In re Daker, No. 12-14369 (Dec. 11, 2012) (dismissed for "want of prosecution" following Nov. 11, 2012 finding that claims were moot or "frivolous"). Other courts have determined that additional cases filed by Daker should also be counted as "strikes." See, e.g., Daker v. Owens, No. 5:12-CV-459-CAR (M.D. Ga. Oct. 7, 2013) (Report and Recommendation dated Oct. 7, 2013, listing cases).

2

<u>in forma pauperis</u> status.  He must pay the filing fee at the time he <u>initiates</u> the suit." <u>Id.</u> (emphasis in original).

Accordingly, the undersigned **RECOMMENDS** that the Daker's complaint, as amended, be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of December, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE